# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30413
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAM MICHELE, III,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-160

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Sam Michele, III, appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride. Michele argues that his first trial counsel, Garrison Jordan, was ineffective because counsel did not argue that Michele was not competent to enter a guilty plea and counsel did not challenge the sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement based on Michele's alleged role as a leader or organizer in the offense. He asserts that, in view of his mental disability and his inability to read or write, his counsel should have argued that he was not capable of being a leader or organizer of the offense and that he was merely carrying out the instructions of his brother.

This court generally does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014). This court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allows us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Michele did not raise these ineffective assistance claims in the district court at any time. Because the record is not sufficiently developed to allow for a fair consideration of these claims, we decline to consider them on direct appeal without prejudice to Michele's right to raise them on collateral review. *See Isgar*, 739 F.3d at 841.

AFFIRMED.